DISCIPLINARY COUNSEL *v.* SIEWERT.

[Cite as *Disciplinary Counsel v. Siewert*, **130 Ohio St.3d 402, 2011-Ohio-5935.**]

*Attorneys—Misconduct—Consent to discipline—Six-month license suspension stayed on condition.*

(No. 2011-1400—Submitted September 7, 2011—Decided November 23, 2011.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 10-095.

_____

**Per Curiam**.

**{¶ 1}** Michael Howard Siewert of Columbus, Ohio, Attorney Registration No. 0012995, was admitted to the practice of law in Ohio in 1984. In 1988, this court suspended Siewert's license to practice law for 24 months, with 18 months stayed on conditions, for neglecting a legal matter entrusted to him, failing to seek his client's lawful objectives, failing to carry out a contract of employment for professional services, causing prejudice or damage to his client, and failing to assist in an investigation of professional misconduct. *Cuyahoga Cty. Bar Assn. v. Siewert* (1988), 40 Ohio St.3d 172, 532 N.E.2d 751.

**{¶ 2}** In February 2011, relator, Disciplinary Counsel, charged Siewert with violating the Rules of Professional Conduct by engaging in a sexual relationship with one of his clients. The parties entered into and timely filed a consent-to-discipline agreement and have stipulated that a six-month stayed suspension is the appropriate sanction for Siewert's misconduct. See Section 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.")

**{¶ 3}** The panel and board have recommended that we accept the consent-to-discipline agreement. We adopt this recommendation, and we order that respondent be suspended from the practice of law in Ohio for six months, all stayed on the condition that he commit no further misconduct.

**Misconduct**

**{¶ 4}** The stipulated facts of this case demonstrate that in July 2009, Angelique Caldwell retained Siewert to represent her in three legal matters—her divorce, pending domestic-violence charges, and a civil-protection-order proceeding arising from an altercation with her husband. In September 2009, Caldwell entered treatment for chemical dependency, and respondent paid for a significant portion of her outpatient treatment. By late September or early October, Siewert's friendship with Caldwell had evolved into a romantic, sexual relationship, and by December 2009, she had moved into his home. The last of Caldwell's legal matters was resolved on December 16, 2009, with the journalization of her divorce decree. Her romantic relationship with Siewert ended in February 2010 when she experienced a relapse of her chemical dependency and moved out of his residence.

**{¶ 5}** The parties have stipulated, the board has found, and we agree that respondent's relationship with Caldwell violated Prof.Cond.R. 1.7(a)(2) (prohibiting representation if a lawyer's personal interests will materially limit his ability to carry out appropriate action for the client), 1.8(j) (prohibiting a lawyer from engaging in sexual activity with a client unless their consensual sexual relationship existed prior to the client-lawyer relationship), 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law). We adopt these findings of fact and misconduct.

**Sanction**

{¶ 6} In recommending a sanction for respondent's misconduct, the board considered the aggravating and mitigating factors listed in BCGD Proc.Reg. 10.

{¶ 7} The parties have stipulated, and the board has found, that respondent's prior discipline is an aggravating factor. See BCGD Proc.Reg. 10(B)(1)(a). As mitigating factors, they have stipulated that respondent did not have a dishonest motive, has provided full and free disclosure to relator and has demonstrated a cooperative attitude toward these proceedings, and has good character and reputation apart from the underlying misconduct. See BCGD Proc.Reg. 10(B)(2)(b), (d), and (e).

{¶ 8} The parties also stipulate that Siewert had been the primary caretaker for his longtime companion as she fought, and ultimately succumbed to, complications of cancer approximately one year before Siewert met Caldwell. As a result of his loss, Siewert became depressed. Siewert sought treatment from psychologist John A. Tarpey, Ph.D., in September 2010, and at the time of the stipulations was seeing Dr. Tarpey on a weekly basis. Dr. Tarpey believed that Siewert had suffered from depression (dysthymia) for several years and opined that it likely contributed to Siewert's poor decision-making and judgment in seeking physical intimacy with his client. Respondent has continued his work with Alcoholics Anonymous and regularly attends meetings as part of his treatment. Dr. Tarpey believes that Siewert is sincerely motivated to explore his behavior and that he will be better able to manage his emotions and make better choices in the future.

{¶ 9} We have publicly reprimanded attorneys for developing a sexual relationship with a client if the affair is legal and consensual and has not compromised the client's interests. *Disciplinary Counsel v. DePietro* (1994), 71 Ohio St.3d 391, 392-393, 643 N.E.2d 1145; *Disciplinary Counsel v. Paxton*

(1993), 66 Ohio St.3d 163, 163-164, 610 N.E.2d 979; *Disciplinary Counsel v. Ressing* (1990), 53 Ohio St.3d 265, 559 N.E.2d 1359. Here, however, Siewert has previously been disciplined by this court. Therefore, we conclude that a six-month suspension, stayed on the condition of no further misconduct, is warranted.

{¶ 10} Accordingly, Michael Howard Siewert is suspended from the practice of law for six months, with the suspension stayed on the condition that he commit no further misconduct. If he fails to comply with the condition of the stay, the stay will be lifted, and he will serve the full six-month suspension. Costs are taxed to Siewert.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Robert R. Berger, Assistant Disciplinary Counsel, for relator.

Rasheeda Kahn, for respondent.

_____